UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CATHERINE MCCARDLE,<br><br>　　　　Plaintiff,<br>vs.<br><br>COBORN'S, INCORPORATED,<br><br>　　　　Defendant. | 4:23-cv.- 4122<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Catherine McCardle, by and through her counsel of record and for her Complaint and cause of action against the above-named Defendant, hereby states and alleges as follows:

## PARTIES

1. Plaintiff Catherine McCardle (hereinafter "Plaintiff") is and, at all relevant times herein, was a resident of Mitchell, Davison County, South Dakota.

2. Upon information and belief, Defendant Coborn's, Incorporated (hereinafter "Defendant") is a corporation duly organized and existing under the laws of the State of Minnesota, with its principal place of business in St. Cloud, Minnesota, which at all times relevant hereto was duly registered and authorized to conduct business in the State of South Dakota.

## JURISDICTION AND VENUE

3. This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000, exclusive of

interest and costs, and complete diversity of citizenship is present between Plaintiff and Defendant.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this cause of action occurred in this District.

## FACTS

5. That on September 4, 2020, Plaintiff was a business invitee at the Defendant's grocery store located at 1800 N. Main Street, Mitchell, Davison County, South Dakota (hereinafter "the Store").

6. As Plaintiff was walking in the Store, she unexpectedly slipped on a substance/liquid on the floor, consequently, causing her to fall to the ground.

7. That as a direct and proximate result of the incident, Plaintiff sustained injuries and damages, including, but not limited to, personal injuries which required medical treatment. Additionally, she has experienced pain and suffering, permanent impairment, disability, loss of enjoyment of the capacity of life, past and future medical costs and expenses, past and future wage loss, and other general and special damages.

## COUNT I
### *Negligence*

8. Plaintiff hereby realleges the above paragraphs of this Complaint and hereby incorporates them by reference as if fully set forth herein.

9. Defendant owed a duty of reasonable and ordinary care to Plaintiff.

10. Defendant and its employees breached the duties owed to Plaintiff by, including but not limited to, failing to act in a reasonable and safe manner not to harm others, failing to properly train and supervise the employees, failing to warn Plaintiff, failing to exercise reasonable care to avoid injury to Plaintiff, failing to exercise reasonable care in the operation of its property, and/or failing to exercise reasonable care to maintain the property in a reasonably safe condition.

11. At all times relevant hereto, Defendant's employees were acting within the scope of their actual, express, apparent, and/or implied authority, as well as acting within the scope of their employment duties for Defendant.

12. The conduct of the employees that resulted in the incident involving Plaintiff was reasonably foreseeable, and therefore, imputable to Defendant under the doctrine of Respondeat Superior.

13. Pursuant to the doctrine of Respondeat Superior, Defendant is responsible for the negligent conduct of its employees.

14. As a direct and proximate result of Defendant's negligence, Plaintiff has sustained past, present and future pain and suffering, permanent impairment and disability, loss of the enjoyment of the capacity of life, emotional distress, past and future lost wages, past medical costs and expenses, and future medical costs and expenses all of which are recoverable under South Dakota law.

## COUNT II
*Premises Liability*

15. Plaintiff hereby realleges the above paragraphs of this Complaint and hereby incorporates them by reference as if fully set forth herein.

16. Defendant owed a duty of care to Plaintiff, an invitee, to exercise reasonable care and awareness in the operation, management, control, and safety of its business including, but limited to, a duty to protect Plaintiff and other invitees from reasonably foreseeable injury and to maintain its premises in a reasonably safe condition.

17. At the time of Plaintiff's fall, Defendant knew or should have known that the substance/liquid on the floor was likely to endanger the safety of Plaintiff and other invitees. Defendant breached its duty to protect Plaintiff and other invitees in numerous ways including, but not limited to:

(a) Failing to keep and maintain its premises in a reasonably safe condition;

(b) Failing to remove dangerous conditions and failing to take sufficient precautionary and safety measures to protect invitees from reasonably foreseeable injuries within their control;

(c) Failing to warn invitees of the dangerous conditions at its business; and

(d) Otherwise generally failing to operate its business in a safe and prudent manner.

18. As a direct and proximate cause of Defendant's conduct, Plaintiff has sustained injuries, including, but not limited to, personal injuries resulting in a course of medical treatment; past, present and future pain and suffering; loss of enjoyment of the capacity of life; disability, lost wages and loss of earning capacity; emotional distress; past and future medical costs and expenses; and other general and special damages, all of which are compensable under South Dakota law.

19. Defendant owned and controlled the property on which Plaintiff was injured and knew or should have known of the dangerous condition(s), and should have expected that Plaintiff would not have discovered or realized the danger or would fail to protect herself against it.

20. Discovery has not yet been taken in this matter, and Plaintiff reserves the right to amend her Complaint after discovery is completed per the applicable rules.

**WHEREFORE**, Plaintiff respectfully prays for damages against the Defendant as follows:

(1) For Plaintiff's compensatory, general, and special damages in an amount that the jury deems just and proper under the circumstances;

(2) For Plaintiff's costs and disbursements herein;

(3) For pre-judgment and post-judgment interest; and

(4) For such other and further relief as the Court determines to be just and proper.

Dated this 16th day of August, 2023.

> JOHNSON, JANKLOW & ABDALLAH, LLP
>
> BY_____
> A. Russell Janklow (russ@janklowabdallah.com)
> Kimberly J. Lanham (kim@janklowabdallah.com)
> Lindsey K. Janklow (lindsey@janklowabdallah.com)
> 101 S. Main Avenue, Suite 100
> Sioux Falls, SD 57104
> (605) 338-4304
> *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands trial by jury on all issues so triable.

_____
A. Russell Janklow
Kimberly J. Lanham

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Catherine McCardle
708 Dorris Drive, Mitchell, SD 57301

**(b)** County of Residence of First Listed Plaintiff: Davison
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Johnson, Janklow & Abdallah, LLP
101 S. Main Ave. Suite 100, Sioux Falls, SD 57104
(605) 338-4304

## DEFENDANTS
Coborn's, Incorporated
1921 Coborn Blvd, PO BOX 6146, St. Cloud, MN 56302

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332 and 28 U.S.C Section 1391

Brief description of cause:
Personal Injury involving a fall on the premises

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
>$75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 8/16/2023
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____